JOHN A. POLL V. OPPENHEIMER BRO. & CO.

1. FORMER HOLDING, AS TO NUNC PRO TUNC ENTRIES NOT APPLICABLE TO PRESENT STATUTE.

The former holdings of the Ohio courts that a failure by inadvertence to have the journal show the allowance and signing of a bill of exceptions could be cured by a *nunc pro tunc* entry, do not apply to the statute as it now stands.

2. BILL MUST BE ALLOWED AND SIGNED AND JOURNAL ENTRY MADE WITHIN THE FIFTY DAYS.

It is necessary, therefore, under the last amendment of sec. 5302, Rev. Stat., 89 O. L., 125, that a bill of exceptions should not only be allowed and signed within the fifty days, but also that the journal entry of the allowing and signing of the same should be made within that time.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The errors assigned in this cause all arise upon a bill of exceptions, which it is claimed by the counsel for plaintiff in error must be considered by us, while counsel for defendant in error urge that the alleged bill of exceptions cannot properly be considered by us for the reason that it is shown by the transcript of the journal entries (which is filed as required by law in error cases), that there was no allowance of said bill of exceptions by the trial judge placed on the journal of the court, until long after the time that the statute requires it to be done, to make it of any force or validity.

The facts as to this matter, as shown by the transcript, are these: On March 12, 1896, the jury returned a verdict for the plaintiff below. On March 14th, a motion for a new trial was filed, which was overruled September 24th, and a judgment entered upon the verdict, to all of which the plaintiff in error excepted. On February 8, 1897, four and a half months after the overruling of the motion for a new trial, an entry was placed upon the journal of the court "that the bill of exceptions taken in this case, duly allowed, signed and sealed at the October term of the court, 1896, on November 7, 1896, was by the inadvertence of defendant's counsel omitted to be marked filed, and that by a like inadvertence of the defendant's counsel no entry of the allowance and signing of the same was written or presented to the court or to the clerk thereof, or entered on the journal at the time of said allowance and signing;" on motion of the defendant Poll, it was ordered, "that said bill of exceptions be filed, and that an entry be now made the 8th day of February, 1896, it being the January term of this court, for good cause shown as of the time and date of said bill of exceptions, to all of which plaintiff's counsel excepts and objects." And on the same day this entry was made on the journal: "The bill of exceptions allowed, signed and sealed in this case by the trial judge on the 9th day of November, 1896, at the October term of said court for the year 1896, is hereby ordered to be made a part of the record in the case, and this order is made of the date and time of the signing of said bill of exceptions, to all of which the plaintiff excepts and objects on the ground that the court has no power or authority to make this entry."

" February 8th, Minn., 355. Bill of exceptions filed as the bill of exceptions itself appears on its, face to have been signed by the trial judge, November 7, 1896, and filed February 8, 1897."

The question then arises whether on this state of facts the court can properly look at this bill of exceptions for the purpose of considering the question which would be raised thereby if it were before the court.

Section 5302, Rev. Stat., as it now appears in the last edition of the statutes by Judge Bates, was in force at the time of trial, and governs this case. This provides that the bill of exceptions must be allowed and signed within fifty days after the overruling of a motion for a new trial unless, as provided by sec. 5208, Rev. Stat., the trial judge shall be absent from the district or circuit, in which case certain other steps are to be taken. It further provides that the bill of exceptions shall be filed with the pleadings and " an entry of the allowance and signing of the same must be entered upon the journal of the court, within the time fixed for such allowance and signing." The section then provides that when the exceptions are not allowed and signed during the progress of the trial, the party excepting must submit the bill to opposite counsel, not less than ten days before the expiration of the fifty days, and to the trial judge not less than five days before the expiration of the fifty days. It is further provided that the trial judge or judges may in their discretion extend the time of signing such bill, for not exceeding ten days beyond the expiration of the fifty days, which extension must be indorsed on the bill by such judge or judges.

Under this section the Supreme Court has held in Pugh v. State, 51 O. S., 116, that the provision for the submission of the bill to opposite counsel for examination not less than ten days before the expiration of the fifty days was intended as a condition to the power of the trial judge to sign a bill of exceptions within the fifty days, and when the condition is not complied with, it is the duty of the judge to refuse to sign it, unless consent of opposite party be given. And so in Newman v. Becker, 54 O. S., 323. It is evident that the provisions as to the time in which the bill is to be submitted to opposite counsel for examination, and to the judge for signing, and that the judge shall indorse on the bill any extension of time for signing it, are mandatory, and the same was so held in Long v. Newhouse, 57 O. S., 348.

Certainly these provisions of the section are not more mandatory in their nature or in the language used than is the provision which requires that "an entry of the allowance and signing of the same must be entered upon the journal of the court within the time fixed for such alllowance and signing," and it is certain that this was not done in this case.

Under very different statutes it has been held by our Supreme Court that while it was necessary that the journal should show the allowance and signing of the bill of exceptions, and that if it did not it could not be considered by a reviewing court, it was also held that the omission to have the journal show this might be corrected (if such allowance had in fact been duly made by the court), at a subsequent time by a *nunc pro tunc* entry even long after the time for the allowance of the bill had expired. But in such former statutes there was no provision like that in the present statute, that an entry of such an allowance and signing of the bill must be entered on the journal of the court within the time fixed for such allowance. The former holdings of the court that such failure can be cured by a *nunc pro tunc* entry after the time fixed for the allowance, we think do not apply to the statute as it now stands.

We feel compelled, therefore, in the light of the holdings of the Supreme Court as to the mandatory character of the provisions of the statute now in force, to sustain the motion of counsel for defendant in error to strike the bill of exceptions from the files, and affirm the judgment of the court of common pleas, with costs, but without penalty.

*A. J. Cunningham*, for plaintiff in error.

*Cobb & Howard*, for defendant in error.